STATE OF MAINE                                SUPERIOR COURT
CUMBERLAND, SS.                                 Docket No. 21-
03010


STATE OF MAINE                 )
                               )
                               )
                               )
          v.                   )        **Order on Motion to Suppress**
                               )
                               )
Ricky Jenkins,                 )
              Defendant.       )


This matter is before the court on the Defendant's Motion to Suppress. The court has had an opportunity to review the testimony as well as audio and video recordings presented to the court for in camera review. After careful consideration of the evidence as well as the written submissions the court concludes the Defendant's Motion to Suppress should be denied.

The primary issue in the case relates to whether or not there was a invocation of the right to counsel which required the cessation of questioning of Mr Jenkins. The interview took place at the South Portland Police Department at a time when Mr Jenkins was handcuffed and clearly in custody.

On two separate occasions during the interview Mr Jenkins brought up the issue of counsel. Detective Levesque inquired whether or not Mr Jenkins was presently invoking his right to counsel or rather was speaking about some point in the future.

The court concludes Detective Levesque is a credible witness .The court also concludes that Mr Jenkins was not presently invoking his right to have counsel during the interview but rather was referring to the need for counsel in the future. Additionally, Mr. Jenkins reiterated both times that he was willing to continue to talk to the detective.

In *Davis v. United States 512 US 45( 1994)* The US Supreme Court addressed the issue of a suspect who stated "maybe I should talk to a lawyer". *Davis* holds that cessation of questioning must occur if there is an unambiguous request for counsel. However that request must be clear and not ambiguous. Here the court concludes there was not a present request for counsel but rather the expression that one might be necessary in the future.

This court does not conclude that was a present and clear invocation of the right to counsel.

Entered on the Docket: 4-15-2022

While the defendant is correct that the Miranda rights appeared to have been read relatively quickly, the defendant did indicate that he understood them and had had previous experiences having his rights explained. The court concludes his Miranda waiver was valid.

The consent to obtain a DNA swab was voluntarily given and was not the fruit of the poisonous tree.

Accordingly, the motion to suppress is denied.

The court also notes however that the state has conceded that statements that occurred in the absence of Miranda before the audio and video recording began will not be utilized.

Dated: April 15, 2022

JUSTICE, MAINE SUPERIOR COURT